UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



U.S.D.C. S.D. N.Y.

Microsoft Corporation and Microsoft
Licensing GP,

Plaintiffs,

-against-

Samsung Electronics Co., Ltd.,

Defendant.

**COMPLAINT (Redacted)**

No.

**14 CV 6039**

JURY TRIAL DEMANDED

Plaintiffs Microsoft Corporation and Microsoft Licensing GP (collectively referred to hereinafter as "Microsoft"), by and through their attorneys, for their Complaint against Defendant Samsung Electronics Co., Ltd. (hereinafter "Samsung"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for breach of a contract negotiated at arms length between two sophisticated corporations and for declaratory relief necessary to prevent Samsung from violating its substantial ongoing obligations under the contract.  In September 2011, Microsoft and Samsung entered into a definitive agreement to cross-license the patent portfolios of both companies, known as the "Confidential Patent License Agreement" (referred to herein as the "License Agreement" or the "PLA").  Under the License Agreement, Samsung agreed to make patent royalty payments to Microsoft ███████████████████, in exchange for the right to use patented Microsoft technology in Samsung smartphones and tablets that use the Android operating system.  Microsoft also agreed to provide ██████████████ Samsung in return for a patent license relating to products made by Microsoft.

2.      Samsung breached the License Agreement last fall by refusing to make its Fiscal

Year 2 royalty payment on time and then refusing to pay interest on its late payment, and is threatening to breach the License Agreement again with respect to its ongoing royalty payment obligations, because (Samsung claims) of Microsoft's recent acquisition of the Nokia Devices & Services Business (the "Nokia Acquisition"). In this action, Microsoft seeks, among other things, a declaratory judgment that (a) the license rights granted by Samsung under the Agreement cover the entities and business units/divisions acquired through the Nokia Acquisition, (b) Microsoft's acquisition of the Nokia Devices & Services Business does not constitute a breach of the ███████████████████ License Agreement or of a separate Confidential Business Collaboration Agreement between the parties under which the parties agreed to cooperate in the development and marketing of Windows smartphones (referred to herein as the "Collaboration Agreement" or the "BCA"), (c) Microsoft's acquisition of the Nokia Devices & Services Business does not give Samsung the right to terminate the License Agreement or relieve Samsung of its ongoing obligation to make █████████ future royalty payments to Microsoft under that Agreement pursuant to its terms, and (d) that disputes concerning the validity, construction or performance of the License Agreement shall be resolved under U.S. law in this Court, ███████████████████. Microsoft also seeks to enjoin Samsung from seeking, through a lawsuit or otherwise, damages for infringement, royalty payments from Microsoft, or any other relief, to the extent such claims or requests for royalties or other relief are based on the Nokia Acquisition, and from attempting to terminate or modify the License Agreement due to the Nokia Acquisition.

3.     In addition, Microsoft seeks to compel Samsung to pay ███████████████ interest in excess of $███████ to Microsoft for Samsung's late payment last year of over $█ ██████ that it admittedly owed to Microsoft for Fiscal Year 2 under the License Agreement.

4.      Microsoft has filed this action in this Court because it has diversity jurisdiction

and ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████.

5.      Microsoft is a worldwide leader in computer software, services, and solutions for businesses and consumers.  Among other things, it develops and licenses operating systems (such as "Windows") and other software for a broad array of computing devices, including, but not limited to, smartphones and computer tablets.

6.      Microsoft's continued success depends in substantial part on its ability to maintain and protect the proprietary technology it creates through its investments in research and development.  It has developed innovative licensing programs whereby competitors and others may license Microsoft's patent-protected technology in return for royalty payments, other consideration, or both.

7.      One such program is the Android patent licensing program.  Android, which is operating system software designed for mobile devices, infringes many Microsoft patents that were obtained by Microsoft in the United States and elsewhere well before Android was launched.  Rather than exercise its legal right to exclude Android-based devices from practicing that technology, Microsoft licenses its patent portfolio to companies that utilize Android, including Samsung -- the world's largest producer of Android-based smartphones and tablets.

8.      Samsung is a multinational corporation that, among other things, develops, manufactures, distributes and sells, in this jurisdiction and throughout the world, mobile devices, related software, and various components used in mobile devices.  Samsung is the world's

largest producer of smartphones and tablets that use the Android operating system, and it also manufactures and sells a relatively small number of smartphones that use Microsoft's Windows operating system.

9.      In September 2011, after sustained arms-length negotiations, Samsung and Microsoft entered into the License Agreement.  In exchange for a license to use Microsoft's patents in Samsung's Android-based smartphones and tablets, Samsung agreed to pay Microsoft royalties for a period of ████████.  The royalties are calculated based upon, ████████



Also, under the License Agreement, Microsoft agreed to provide Samsung with ████████ ████, including a royalty ████ for a license to use certain of Samsung's patents during the same period.

10.      During the first Fiscal Year of the License Agreement, Samsung made the royalty payments required by the License Agreement, ████████████████████████ ████████████.  For Fiscal Year 2 of the License Agreement, Samsung reported to Microsoft, ████████████████████, that Samsung owed over $█ ████ in royalties under the Agreement.  Microsoft agreed; the FY2 net royalty payment owed by Samsung was therefore undisputed.

11.      Microsoft publicly announced its intention to acquire the Nokia Corporation's Devices & Services Business on September 3, 2013, which was after Samsung's FY2 Royalty Report was submitted to Microsoft but before the due date for Samsung's payment of its undisputed FY2 royalties under the License Agreement.  The Nokia Acquisition, which followed a pre-existing cooperation arrangement between Nokia and Microsoft, will enable Microsoft (and its subsidiaries and business units/divisions) to manufacture Windows-based smartphones.

12.    Upon hearing the formal announcement of Microsoft's intended Nokia Acquisition, which had been the subject of industry press speculation for more than two years, Samsung claimed that Microsoft's agreement to acquire Nokia's Devices & Services Business had breached the License Agreement in various ways.   Samsung also refused to make the undisputed FY2 royalty payment it owed to Microsoft on ███████████, the date it was due.

13.    On November 29, 2013, Samsung finally paid Microsoft the previously agreed-to FY2 net royalty amount ████████████████, while preserving all of its legal positions. However, despite Microsoft's repeated requests for ████████████ interest on the undisputed FY2 net royalty amount owed to Microsoft, Samsung has refused to make the interest payment it owes, which amounts to ██████████████.

14.    In addition, both before Samsung made its late FY2 payment to Microsoft under the License Agreement, and to this day, Samsung has claimed that smartphone products made or sold by Microsoft and its subsidiaries after the Nokia Acquisition are not covered by the License Agreement and that Samsung is therefore entitled to seek damages for infringement (including royalties) from Microsoft following the close of the Nokia Acquisition.  To the contrary, as Microsoft has repeatedly reminded Samsung, the License Agreement contains ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████.

15.    Further, both before Samsung made its late FY2 payment to Microsoft under the License Agreement, and to this day, Samsung has claimed that the Nokia Acquisition breaches the ████████████████ Agreements between the parties, which ████████████████

████████████████████. To the contrary, as Microsoft has repeatedly reminded Samsung: (a) the Nokia Acquisition is exactly the kind of acquisition that is ███████████████ ████████████████████, (b) it does not breach the ████████████████████ License Agreement or the Collaboration Agreement ██████████████████████ ██████████████████████████████████████████████████, and (c) it does not give Samsung the right to terminate or modify the License Agreement and thus avoid ████████████ contractually-negotiated future royalty payments to Microsoft for Samsung's Android-based products that would otherwise infringe Microsoft's patents. Nevertheless, because of Samsung's refusal to abandon its erroneous legal positions, Microsoft faces the threat of unilateral termination of the License Agreement by Samsung at any time.

16.     Moreover, Samsung has taken extraordinary steps to avoid its future obligations to pay the patent licensing royalties to Microsoft that it agreed to pay in the License Agreement. Instead of asking this Court to construe its post-Nokia Acquisition rights and patent royalty payment obligations under its Agreements with Microsoft — ████████████████████ ██████████████████ — Samsung has asked the Korean competition authorities to change the parties' private contract by reducing or eliminating Samsung's contractually-mandated Android patent royalty payments for Microsoft's patents, *almost all of which were granted by countries other than Korea and used in products sold to consumers in countries other than Korea.* Thus, Samsung is attempting to convert a commercial contract dispute governed by U.S. law into a Korean regulatory issue.   Microsoft, ████████████████████████████████ ████████████████████, instead is invoking the ████████████ jurisdiction of this Court to enforce the clear contractual provisions of the License Agreement that Samsung is attempting to disregard -- an action that is ripe and necessary due to Samsung's repeated assertions that the

Nokia Acquisition breaches the License Agreement and relieves Samsung of its ongoing payment obligations.

## PARTIES

17.    Plaintiff Microsoft Corporation is a Washington corporation, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

18.    Plaintiff Microsoft Licensing GP is a Nevada general partnership, with its principal place of business at 6100 Neil Road, Suite 100, Reno, Nevada 89511.

19.    Defendant Samsung Electronics Co., Ltd. is a Korean corporation, with its principal place of business at 416, Maetan-3-dong, Yeongtong-gu, Suwon-si, Gyeongigi-do, 443-742, South Korea.

## JURISDICTION AND VENUE

20.    The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and this action is between Plaintiffs, citizens of the United States, and Defendant, a citizen of Korea.   In addition, under 28 U.S.C. §§ 2201-2202, a current, actual and justiciable controversy exists between the parties, making a declaratory judgment action appropriate.

21.    Venue is proper within this District under 28 U.S.C. §§ 1391(b)(1) and (c)(2).

7

## GENERAL ALLEGATIONS

22.     An important reason for Microsoft's success in the technology industry is its annual investment of billions of dollars in research and development. Microsoft's efforts have yielded one of the world's largest and most valuable patent portfolios.

23.     Between July 1, 2010 and June 30, 2013, Microsoft invested approximately $29 billion in research and development, including mobile-related technology. As of June 30, 2013, Microsoft had more than 73,000 issued and pending patents worldwide.

24.     In 2003, Microsoft launched a licensing program that allows licensees access to this patent portfolio. Since then, Microsoft has entered into more than 1,100 license agreements and continues to develop licensing programs that allow customers, partners, and competitors access to its patent portfolio.

### Android Patent Licensing Program

25.     Android is operating system software for mobile devices that was commercially launched in 2008 and is distributed by Google, Inc. (hereinafter "Google"). Android-based smartphones and tablets, related software, and various components infringe many of Microsoft's patents.

26.     As a result, Microsoft established an Android patent licensing program through which companies using the Android operating system may license Microsoft's patent portfolio. The first company to enter into a license under that program was HTC Corp. on April 27, 2010. Today, Samsung and more than 25 other companies participate in the Android patent licensing program, including: Acer Inc.; Alutrek, Inc.; Barnes & Noble, Inc.; Coby Electronics Corp.; Compal Electronics, Inc.; EINS SE; General Dynamics Itronix; Hoeft & Wessel AG; Hon Hai Precision Industry Co., Ltd.; Nikon Corp.; Onkyo Corp.; Pegatron Corp.; Quanta Computer Inc.;

Velocity Micro, Inc.; ViewSonic Corp.; Wistron Corp.; and ZTE Corp.  By virtue of the Android patent licensing program, approximately 80% of Android-based smartphones sold in the U.S. are licensed to use Microsoft's patents.

27.     Since the commencement of the Android patent licensing program, the number of Android-based mobile devices has risen sharply.  As of June 30, 2013, Android-based smartphones represented nearly 80% of all smartphones worldwide.

### The Samsung/Microsoft License Agreement and Collaboration Agreement

28.     Samsung's first Android-based smartphone, Galaxy I7500, was launched in 2009. That device, as well as subsequent Android-based smartphones and tablets in Samsung's Galaxy series, relied upon the Android platform and thus infringe Microsoft's patents.

29.     On or about September 28, 2011, in order to settle Microsoft's claims for patent infringement without the necessity of litigation and to establish a broad cross-license between the parties going forward, Samsung and Microsoft entered into the License Agreement, effective as of July 1, 2011.  ███████████████████.  Both Microsoft and Samsung, which are highly sophisticated businesses, were represented by skilled counsel throughout the process of negotiating, drafting, and executing the License Agreement.  Moreover, at the time the parties entered into the License Agreement, Microsoft had publicly announced a strategic partnership with Nokia as described below.

30.     Under the License Agreement, Microsoft licensed its patents to Samsung for ███████, so that Samsung could lawfully sell Android smartphones and tablets, which would otherwise infringe Microsoft's patents.  ███████████████.

31.     The license covers █████████████████████

██████████████████████████████████

████████████.

32.     In return for access to Microsoft's proprietary technology, Samsung agreed to pay Microsoft royalties. ██████████████████. Samsung paid the Fiscal Year 1 royalty as agreed. For Fiscal Years 2 through █, the parties agreed that the amount of royalties owed by Samsung was (and is) to be determined by ████████████████████ ████████████████████████████ ████████████████████████████ ██████████████.

33.     The License Agreement requires that Samsung ███████████████ ██████████████████████████ ██████████████.

34.     The License Agreement also contains a cross-license. ~~Samsung licensed its~~ patents to Microsoft for ███████ use in Microsoft's software, products, and services. ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████████████████████ ███████.

35.     On the same day that Samsung and Microsoft executed the License Agreement, they also entered into a business Collaboration Agreement, or BCA. ███████████ ██████████████████████████ ██████████████████████████ ██████████████████████████

██████████████████████████████. Both Microsoft and Samsung were represented by skilled counsel throughout the process of negotiating, drafting, and executing the Collaboration Agreement.

36. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████.

37. Both the License Agreement and the Collaboration Agreement contain ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████.

**Microsoft's Acquisition of the Nokia Devices & Services Business**

38. In February 2011 (more than six months before the License Agreement was signed), Microsoft announced a strategic partnership with Nokia, through which the two companies would work closely together to develop, produce and sell Windows smartphones and

related software, services and applications.

39.     On September 3, 2013, Microsoft announced its intention to acquire substantially all of Nokia Corporation's Devices & Services Business, as a next step in the publicly announced strategic partnership with Nokia.   The announced Nokia Acquisition included only certain of Nokia's businesses -- namely the Nokia Devices & Services business -- and did not include other substantial portions of Nokia (which remains a fully-operational and distinct corporation).   The Nokia Acquisition was accomplished through a stock and asset acquisition (as opposed to a merger).  Following the closing of that transaction on April 25, 2014, the entities formerly owned by Nokia became "Subsidiaries" of Microsoft within the meaning of the License Agreement.

40.     Under ▮▮▮▮▮▮▮ the Microsoft/Samsung License Agreement, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮.  The License Agreement also contains ▮▮▮▮▮▮▮▮▮▮

▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

41.     The entities and business units formerly owned by Nokia and acquired in the Nokia Acquisition are plainly covered by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

42.   The License Agreement also contains ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████. Because the Nokia

Acquisition did not breach the License Agreement, Samsung has no right to terminate or modify

the License Agreement due to the Nokia Acquisition.

43.   The Collaboration Agreement also contains ██████████████████

████████████████████████████████████████████████████████████

███████████. But the Nokia Acquisition did not ██████████████████

███████████, and neither that provision, nor any other provision of the Collaboration Agreement,

is breached if a party merely acquires a new subsidiary or business unit/division through a stock

and/or asset purchase.  To the contrary, ██████████████████████████

██████████████████████████████████████████.

44.   Because the acquisition of the Nokia Devices & Services Business did not breach

██████████████ the Collaboration Agreement, Samsung may not terminate the Collaboration

Agreement ████████████████ due to that Acquisition. ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████.  In short, no provision of either the License Agreement or the Collaboration

Agreement gives Samsung the right to terminate the License Agreement due to the Nokia

Acquisition.

**Samsung's 2013 Breach of the License Agreement by Failing to Pay Interest Owed**

45.     On or about ███████████, Samsung submitted its ███████ Report to Microsoft for Fiscal Year 2, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████, *Samsung* calculated the resulting royalty it owed to Microsoft for the Fiscal Year to be $████████████. ████████ Report dated ████████████ (hereinafter "2013 ████████ Report"). Samsung submitted its 2013 ████████ Report with an attestation that it was complete and correct.

46.     Microsoft did not, and does not, dispute Samsung's 2013 ████████ Report. Accordingly, on ███████████████, Microsoft provided Samsung with the 2013 ████████ Invoice agreeing with Samsung's stated amount due and requesting payment in the amount of $████████████. Samsung was required to make this payment to Microsoft ████████████ ████████ no later than ████████ days from receipt of the 2013 ████████ Invoice -- *i.e.*, by ████████ ████████.

47.     At no time prior to or accompanying its 2013 ████████ Report did Samsung raise any objection to its obligation to pay the royalties to Microsoft that *Samsung* determined it owed. Shortly after Microsoft's announcement of the Nokia Acquisition, however, Samsung began to assert an ever-expanding list of reasons why the announced acquisition allegedly violated the License Agreement and/or the Collaboration Agreement.   In fact, allegedly due to the Nokia Acquisition, Samsung did not pay the undisputed FY2 royalty amount due on ████████████ as required.   Instead, for ████████████ thereafter, Samsung refused to make the payment and continued to assert baseless justifications for its failure to pay.  Microsoft repeatedly demanded full payment of the FY2 amount owed, with ████████████ interest.   Finally, on

████████████, Samsung paid the undisputed FY2 amount owed (with a reservation of its

legal rights and positions), ████████████. Samsung did not, however, pay the interest

████████████ demanded by Microsoft, and still has not made that

interest payment.

48.    The License Agreement states that ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████.

Samsung's FY2 net royalty payment of $████████ was due on ████████ and was

not made until ████████ — █ days late (and it did not include any interest).

Consequently, the unpaid interest due is $████████.

**Samsung's Continuing Meritless Claims Concerning the Nokia Acquisition and Its
Ongoing Obligation to Pay Royalties Under the License Agreement**

49.    Two days before Samsung made its payment of the FY2 net royalty amount

(without interest), it sent Microsoft a letter, dated ████████, in which it set forth its

positions (described in paragraphs 14-15 above) on the legal issues raised in this Complaint,

which are sharply contested by Microsoft. Samsung has reaffirmed those positions in subsequent

communications this year, including through letters dated April 25, 2014 and June 13, 2014.

50.    Microsoft has informed Samsung that its positions are incorrect as to the critical

contract interpretation issues concerning the effect of the Nokia Acquisition on the parties' rights

and obligations under the License Agreement and the Collaboration Agreement. Recently, for

example, Microsoft sent Samsung a letter, dated April 17, 2014, that reiterated Microsoft's

demand for interest on Samsung's FY2 net royalty payment and stated, in relevant part, that it

remains Microsoft's position that (a) ████████ the PLA covers the entities acquired in the

Nokia Acquisition, and Samsung has no right to seek infringement damages, a reduction in future royalties owed, or any other relief from Microsoft as the result of the closing of the Nokia Acquisition,[1] (b) the Nokia Acquisition is not prohibited by ██████████ the Collaboration Agreement or by any provision of the License Agreement, and its closing does not give Samsung the right to terminate the License Agreement or the right to any other legal remedy, and (c) the current arrangements under the License Agreement (including royalty payments) will continue following the closing of the Nokia Acquisition (unless modified by a future agreement).

51.    To date, the parties remain in sharp disagreement concerning their rights and obligations under the License Agreement and the relevant ████████████████ provisions of the License Agreement and the Collaboration Agreement. As a result, absent declaratory and injunctive relief from this Court, Microsoft is threatened with patent infringement claims by Samsung relating to the Nokia Acquisition (despite ██████████ ████████████████████████) and with a prohibited unilateral termination of the License Agreement by Samsung (with no basis ████████████████ ████████████████). Samsung has taken positions on these issues that are unsupported by the applicable language of the Agreements in order to escape the ███ remaining years of royalty payments -- ████████████████ -- that it owes or will owe to Microsoft under the License Agreement for ██████████.

## COUNT ONE:  BREACH OF CONTRACT

52.    Microsoft incorporates by reference as if fully set forth herein each of its allegations set forth in Paragraphs 1 to 51 above.

---

[1]  Patent infringement claims by Samsung against Microsoft for the acquired Nokia products would be without merit for reasons other than ████████████████████████ ██████████, and Microsoft preserves its right to assert all defenses to such claims if, █████████ ██████████, Samsung asserts them.

53.     As described above, Samsung entered into a License Agreement with Microsoft, whereby Samsung agreed to make a ███ royalty payment for Fiscal Year 2 by a specified date ████████████████████████.

54.     Microsoft fully complied with its obligations under the License Agreement during Fiscal Year 2, ███████████████████.  Microsoft did not dispute Samsung's 2013 ██████ Report containing Samsung's statement of the amount due, namely $████████████, and accordingly issued the 2013 ██████ Invoice in the same amount on ████████████, which made Samsung's payment due no later than ████████████.  Samsung failed to make its undisputed FY 2 ██ royalty payment on ████████████.  The payment was finally made, ████████████, on ████████████.

55.     The License Agreement explicitly provides █████████████████████ ████████████████████████████████████████████ ████████████████████████████████.  Samsung was ██ days late in its FY 2 payment, resulting in interest due of $████████.  Microsoft has demanded payment of the interest due ██████████████████, but Samsung has not made the ██████ payment.

56.     By failing to pay the interest due on its late royalty payment for Fiscal Year 2, Samsung ███████████████████████.

57.     As a direct and proximate cause of Samsung's conduct, Microsoft has been damaged in the amount of $████████.

58.     Microsoft is not terminating or rescinding the License Agreement, but rather sues to recover the losses suffered from Samsung's ██████████████████.

## COUNT TWO:   DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)

59.     Microsoft incorporates by reference as if fully set forth herein each of its allegations set forth in Paragraphs 1 to 58 above.

60.     As described in Paragraphs 49-51 above, an actual and justiciable controversy exists between Microsoft and Samsung with respect to their rights and obligations, in light of the Nokia Acquisition, under ███████████ the License Agreement and under the ████████ █████████████████ provisions of the License Agreement and the Collaboration Agreement.

61.     Absent the declaratory and injunctive relief requested from this Court, Microsoft faces the imminent risk of patent infringement claims by Samsung relating to the Nokia Acquisition (despite █████████████████████████████████████) and of a █████████████ termination of the License Agreement by Samsung (with no basis ████ ████████████████████████████████), as part of Samsung's efforts to escape ████████████████ contractually-required royalty payments -- payments that will amount to ███████████████.

62.     Microsoft therefore seeks entry of a judgment declaring that:

(a)     pursuant to ████████████████████████████████, the entities and business units/divisions acquired in the Nokia Acquisition are ████████████████ ███████████████ covered by the license granted in ████████████the License Agreement;

(b)     with respect to the Samsung patents licensed in the License Agreement, the Nokia Acquisition does not give Samsung any basis to assert against Microsoft or any of its subsidiaries any patent infringement claims or to seek injunctive relief or additional royalties beyond those specified in the License Agreement;

(c)     the Nokia Acquisition does not violate ▮▮▮▮▮▮▮▮▮▮ either the License Agreement or the Collaboration Agreement;

(d)     neither ▮▮▮▮▮▮▮▮ the Collaboration Agreement, nor any provision of that Agreement or the License Agreement, provides Samsung with the right to terminate or modify the License Agreement due to the Nokia Acquisition;

(e)     the License Agreement shall remain in effect following the Nokia Acquisition, and Samsung therefore owes or will owe Microsoft all royalty payments required by the License Agreement (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until the License Agreement expires; and

(f)     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the validity, construction and performance of the License Agreement, including its ongoing royalty payment obligations, shall be governed by and construed first in accordance with the federal laws of the United States to the extent federal subject matter exists, and second in accordance with the laws of the state of New York, exclusive of its choice of law rules.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the acts complained of above, Microsoft demands judgment in its favor and against Samsung:

a.     awarding $▮▮▮▮▮ in damages for Samsung's breach of its ▮▮▮▮▮ obligation to pay Microsoft interest on its late FY 2 net royalty payment;

b.      declaring that ████████████████████
        ████████ the entities and business units/divisions acquired in the
        Nokia Acquisition are ██████████████████
        ██████ covered by the license granted in ████████ the
        License Agreement;

c.      declaring that with respect to the Samsung patents licensed in the
        License Agreement, the Nokia Acquisition does not give Samsung
        any basis to assert against Microsoft or any of its subsidiaries any
        patent infringement claims or to seek injunctive relief or additional
        royalties beyond those specified in the License Agreement, and
        enjoining Samsung from doing so;

d.      declaring that the Nokia Acquisition does not violate ████-
        ████████████████████ the License Agreement or the
        Collaboration Agreement;

e.      declaring that neither ████████████████the Collaboration
        Agreement, nor any provision of that Agreement or the License
        Agreement, provides Samsung with the right to terminate or
        modify the License Agreement due to the Nokia Acquisition, and
        enjoining Samsung from terminating or attempting to modify the
        License Agreement on any of these grounds;

f.      declaring that the License Agreement shall remain in effect
        following the Nokia Acquisition, and Samsung therefore owes or
        will owe Microsoft all royalty payments required by the License

Agreement (███████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

until the License Agreement expires;

g.      declaring that, ████████████████████████,

the validity, construction and performance of the License

Agreement, including its ongoing royalty payment obligations,

shall be governed by and construed first in accordance with the

federal laws of the United States to the extent federal subject

matter exists, and second in accordance with the laws of the state

of New York, exclusive of its choice of law rules;

h.      awarding costs and disbursements of this action;

i.      awarding prejudgment and post-judgment interest; and

j.      awarding such other and further relief as this Court may deem just

and proper.

Dated: New York, New York
August 1, 2014

                        Respectfully submitted,

                        DECHERT LLP

                        By _____
                        Andrew J. Levander
                        Matthew L. Mazur
                        1095 Avenue of the Americas
                        New York, NY 10036

Tel:  (212) 698-3500
Fax: (212) 698-3599
Email: andrew.levander@dechert.com
Email: matthew.mazur@dechert.com

Frederick G. Herold (*pro hac vice* to be submitted)
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
Tel:  (650) 813-4930
Fax: (650) 813-4848
Email: frederick.herold@dechert.com

Robert A. Rosenfeld (*pro hac vice* to be submitted)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel:  (415) 773-5700
Fax:  (415) 773-5759
Email: rrosenfeld@orrick.com

John ("Jay") A. Jurata, Jr. (*pro hac vice* to be
submitted)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Tel:  (202) 339-8400
Fax:  (202) 339-8500
Email: jjurata@orrick.com

Richard S. Goldstein
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel:  (212) 506-5000
Fax:  (212) 506-5151
Email: rgoldstein@orrick.com

*Counsel for Plaintiffs*