```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MICROSOFT CORPORATION and               :
MICROSOFT LICENSING GP,                 :
                                        :         14-cv-6039 (JSR)
       Plaintiffs,                      :
                                        :              ORDER
       -v-                              :
                                        :
SAMSUNG ELECTRONICS CO., LTD.,          :
                                        :
       Defendant.                       :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

This is an action for breach of a licensing agreement regarding use of patented technology in smartphones and tablets. Plaintiffs filed their Complaint under seal and also filed a redacted public version via the Court's Electronic Case Filing system. See Complaint dated August 1, 2014, ECF Dkt. No. 1 ("Complaint"). Defendant Samsung then requested that the plaintiffs' proposed Amended Complaint to be filed on October 3, 2014 ("Amended Complaint") also be filed under seal, with a redacted version made available to the public.

The Court, having reviewed Samsung's proposed redactions and having heard oral argument from the parties, rejects Samsung's request.

Defendant Samsung submits that redaction of the operative terms of the licensing agreement is necessary to prevent injury to its competitive position. Plaintiffs, who are bound by the licensing agreement to keep its terms confidential absent court order, have

1

endeavored to limit disclosure of its terms to those necessary to make out their claim for relief. But since this suit alleges that the licensing agreement has been breached, maintaining complete confidentiality would be impossible.

Furthermore, while the Court is sensitive to Samsung's concerns, many of Samsung's proposed redactions serve no legitimate business interest in confidentiality. For example, in numerous instances, Samsung proposes to redact mere section citations to the agreement. See, e.g., Samsung's proposed redactions to the Amended Complaint ¶ 60 (proposing redacting "Sections 3.1 and 3.2"). However, as the agreement itself has not been filed, these citations reveal no sensitive information.

The remaining information that Samsung proposes to redact consists of aggregate financial data and general descriptions of the agreement's terms, and is unlikely to have anything more than a tangential impact on future negotiations with potential counterparties (the reason Samsung gave for its proposed redactions). The Court is not convinced that such minimal impact is sufficiently material to outweigh the strong public interest in disclosure of judicial documents. See In re Eastman Kodak Company's Application, 2010 WL 2490982, at *1 (S.D.N.Y. June 15, 2010).

Accordingly, it is ordered that Microsoft's Amended Complaint shall be filed on the public docket without any redactions.

SO ORDERED.

2

Dated:  New York, NY
        October 4, 2014

                                    _____
                                    JED S. RAKOFF, U.S.D.J.