

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

Times Square Tower
7 Times Square
New York, New York 10036-6524

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

SAN FRANCISCO
SEOUL
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

November 17, 2014

WRITER'S DIRECT DIAL
(212) 326-4305

WRITER'S E-MAIL ADDRESS
gsvirsky@omm.com

**BY HAND DELIVERY AND E-FILING**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, New York  10007

      Re:    **Microsoft Corp., et al. v. Samsung Electronics Co., Ltd.**
               **Index No. 14-CV-6039 (JSR)**

Dear Judge Rakoff:

      I write on behalf of Samsung Electronics Co., Ltd. ("Samsung") to request that the Court grant a short stay while Samsung pursues an expedited appeal of the November 14, 2014 Order denying the motion to compel arbitration. All four factors that courts in this circuit consider when evaluating a stay pending appeal under Section 16 of the FAA militate in favor of granting the request: (i) Samsung will be irreparably harmed absent a stay because under the current schedule the case will be trial-ready by the time the appeal is heard, thus denying Samsung its contractual right to arbitration and defeating the expected cost-savings and confidentiality protections; (ii) a stay will cause no injury to Microsoft, which will be able to seek prejudgment interest if it prevails on its $7 million damages claim; (iii) Samsung raises a serious question on the merits; and (iv) the public's interest in the efficient use of judicial resources favors a stay. *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) (listing stay factors) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). If Samsung can show irreparable harm and "serious questions" going to the merits of its appeal, a stay should be granted if the balance of hardships tips in its favor, which is the situation here. *Id.*; *see also Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (holding "serious questions" standard applies in the Second Circuit).

**I.    SAMSUNG WILL BE IRREPARABLY HARMED IF IT IS
     DEPRIVED OF ITS CONTRACTUAL RIGHT TO ARBITRATE.**

      This Court has found that losing the contractual right to have "the underlying controversy presented to an arbitrator in the first instance" tilts the balance in favor of granting a stay. *Cendant Corp. v. Forbes*, 72 F. Supp. 2d 341, 343 (S.D.N.Y. 1999) (Rakoff, J.). Other courts in this circuit have reached the same conclusion. *See Paramedics Electromedicina Comercial Ltda v. GE Med. Sys. Info. Techs.*, 2003 U.S. Dist. LEXIS 26928, at *37 (S.D.N.Y. June 4, 2003) ("The deprivation of [plaintiff's] contractual right to arbitrate its claims, a right protected by

O'MELVENY & MYERS LLP
November 17, 2014 - Page 2

international, federal, and state law, constitutes irreparable harm."); *Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs.*, 962 F. Supp. 385, 391 (S.D.N.Y. 1997) ("[Plaintiff] will suffer irreparable harm if it is deprived of its federal and state contractual right to arbitrate."). These authorities strongly support Samsung's argument that absent a stay it will suffer irreparable harm by having to litigate in this Court instead of before an ICC arbitration panel.

Because the current case management schedule requires the parties to be ready for trial by March 13, 2015, discovery and summary judgment briefing will be completed before even an expedited appeal can be heard. That would negate the parties' arbitration agreement—particularly with respect to the expected cost-savings and confidentiality protections—and create an unreasonable risk of duplicative litigation. *See National Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 133 (2d Cir. 1996) ("Arbitration is usually cheaper and faster than litigation; it can have simpler procedural and evidentiary rules; it normally minimizes hostility and is less disruptive of ongoing and future business dealings.") (quotation marks omitted).

There can be no doubt about arbitration's cost-savings here. While ICC Rules do not provide for depositions, Microsoft has already noticed depositions of *five senior executives* and a Rule 30(b)(6) deposition with *57 broad topics*. Microsoft has also served dozens of document requests, forcing Samsung to retain over 60 contract attorneys to review *some 1.2 million* documents—most in Korean. As a result, Samsung is currently spending more than *$300,000 per week* on contract attorneys alone. Thus, absent a stay, Samsung will incur millions of dollars in fees and expenses that will be both unnecessary and unrecoverable if it prevails on appeal.

Under similar circumstances, courts in this circuit have found irreparable harm and stayed proceedings. In *Sutherland*, 856 F. Supp. 2d at 643–44, the court agreed with defendant that allowing the case to continue would deprive it "of the arbitral forum for which it bargained" and force it "to spend substantial time and resources." The court rejected the claim that litigation expenses are not irreparable harm—the same claim Microsoft made to the Court on Friday:

> We are not persuaded that this aspect of the harm cited by defendant is not cognizable in the current context. None of the cases cited by plaintiff involved denials of arbitration, much less non-class arbitration, and hence they do not directly address defendant's point—that failure to grant a stay may irrevocably deprive it of at least a portion of that which it unquestionably bargained for, a proceeding designed (at least in theory if not always in practice) to avoid the far greater expenses and other burdens attendant on class litigation . . . . We view that potential loss as at least cognizable, regardless of how we view its severity.

*Id.* at 643; *see also Morgan Stanley & Co v. Seghers*, 2010 U.S. Dist. LEXIS 107686, at *20–21 (S.D.N.Y. Oct. 8, 2010) (holding that where arbitrability is in doubt and attorneys' fees would not be recoverable, "an irreparable injury sufficient to support a preliminary injunction" exists).

Losing the confidentiality protections that arbitration offers will also harm Samsung. Indeed, this Court has already cited the presumption of public access to judicial documents in denying Samsung's request to redact commercially sensitive portions of the Amended Complaint. But that is only the tip of the iceberg, because if this case proceeds to summary judgment while

O'MELVENY & MYERS LLP
November 17, 2014 - Page 3

the appeal is pending, thousands of Samsung's confidential business records may enter the public record. That would not be the case in an ICC arbitration.

## II. MICROSOFT WILL SUFFER NO HARM FROM A STAY.

Microsoft would not be harmed at all by a short stay while the Second Circuit rules on the expedited appeal. First, there is no urgency about Microsoft's declaratory judgment claim because Samsung has continued to perform under the BCA and PLA, and recently sent Microsoft the Fiscal Year 3 Royalty Report (under a reservation of rights). Microsoft would not be out of pocket a single dime during a stay. Second, there is no urgency to resolve Microsoft's $7 million damages claim because Microsoft could seek prejudgment interest if it were to prevail on this claim. *See Sutherland*, 856 F. Supp. 2d at 643 (any harm caused by delay "may be fully remedied by an award of pre-judgment interest"). In fact, Microsoft would benefit from a stay in the same way as Samsung—by avoiding duplicative proceedings and expense.

## III. SAMSUNG HAS A STRONG LIKELIHOOD OF SUCCESS ON APPEAL.

Although the Court has not issued an opinion, Samsung assumes that *NASDAQ OMX Group, Inc. v. UBS, Sec., LLC*, 2014 U.S. App. LEXIS 20879 (2d Cir. Oct. 31, 2014), swayed the Court about who should decide arbitrability. But while the parties discussed *NASDAQ* at oral argument, Samsung has not had an opportunity to brief the important distinctions between the arbitration clause at issue there and the one contained in the BCA. The Second Circuit may even perceive a tension between *NASDAQ* and its precedents in *Shaw Group Inc. v. Triplefine International Corp.*, 322 F.3d 115, 122 (2d Cir. 2003), and *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322 (2d Cir. 2013). At a minimum, this raises a "serious issue" for appeal. *Sutherland*, 856 F. Supp. 2d at 640.

Moreover, whether Microsoft's claim for interest on the Fiscal Year 2 Annual Invoice constitutes a "dispute" about an "Annual Invoice" under the BCA's arbitration clause is at the very least a close call. And it is surely not "so utterly frivolous in all respects as to warrant the denial of a stay." *Cendant*, 72 F. Supp. 2d at 343. Thus, this Court should not "substitute its judgment for that of the appellate court" by denying a stay, particularly given Samsung's efforts to expedite its appeal and the complete lack of prejudice to Microsoft. *Id.* This is certainly not a case like *Motorola Credit Corp. v. Uzan*, 2002 U.S. Dist. LEXIS 20712, at *2–3 (S.D.N.Y. Oct. 28, 2002)—which Microsoft cited on Friday's Court call—where the Court found the appeal "frivolous" and noted that "a stay would only serve to advance the very machinations for which defendants have previously been found in contempt of court."

## IV. THE PUBLIC INTEREST WEIGHS IN FAVOR OF GRANTING A STAY.

As one appellate court has put it, "[t]he worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced." *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997). Accordingly, a stay would advance the public interest by supporting the efficient use of judicial resources and ensuring that this Court does not waste time and resources on proceedings that prove unnecessary. *Sutherland*, 856 F. Supp. 2d at 644 ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary.").

O'MELVENY & MYERS LLP
November 17, 2014 - Page 4

Respectfully submitted,

*Gary Svirsky*

Gary Svirsky

cc:     counsel of record